IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01044-REB-CBS

DEMETRIUS THOMAS,
        Plaintiff,
v.

SGT. JOHNSON,
SGT. SCHWARTZ,
OFFICER SHRINER,
OFFICER WIKEUM,
NURSE PRACTIONER BOYD,
JANE DOE,
JOHN DOE #1, and
JOHN DOE #2,
        Defendants.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on: (1) Mr. Thomas' "Unopposed motion to close

court proceedings pursuant to District Rule 7.2" (filed August 1, 2011) (Doc. # 26);  (2) Mr. Thomas'

"Unopposed Motion for Counsel" (filed August 1, 2011) (Doc. # 25); and (3) Mr. Thomas'

"(Unopposed Motion) for Examination Pursuant to Rule 35" (filed August 1, 2011) (Doc. # 24).

Pursuant to the Order of Reference dated July 5, 2011 (Doc. # 17) and the memorandum dated

August 2, 2011 (Doc. # 30), these matters were referred to the Magistrate Judge.  The court has

reviewed Mr. Thomas' Motions, the entire case file, and the applicable law and is sufficiently advised

in the premises.[1]

_____

[1]      First, Mr. Thomas misrepresents that his Motions are "unopposed."  There is no indication
that Mr. Thomas consulted with counsel for the Defendants or obtained Defendants' consent to the
relief sought in the Motions.

1.      Motion to Close Court Proceedings

The only court proceeding currently scheduled is the Preliminary Scheduling Conference on September 27, 2011 at 9:15 a.m.  The purpose of the Preliminary Scheduling Conference is to consider the status of the case, the filing of any motions, and whether any discovery will be conducted.  As the court does not anticipate the need to discuss any private information at the Preliminary Scheduling Conference, it is not necessary to close the proceeding.


2.      Motion for Rule 35 Medical Examination

Mr. Thomas moves for appointment of an expert to evaluate his medical condition pursuant to the Colorado Rules of Civil Procedure.  Rule 35 of the Federal Rules of Civil Procedure empowers a court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination . . . [or] to order a party to produce for examination a person who is in its custody or under its legal control."  Fed. R. Civ. P. 35(a).

While Rule 35 permits a district court to, under appropriate circumstances, order a party to submit to a physical examination at the request of an opposing party, Rule 35  "does not vest the Court with authority to appoint an expert to examine a party wishing an examination of himself."  *Hanna v. Chudy*, 2011 WL 2039421 * 1 (N.D. Cal. May 25., 2011) (citations omitted).[2]  Mr. Thomas does not indicate who will bear the cost for the proposed examination.

Rule 35 is not intended for a civil litigant, even if indigent, to compel a medical examination of himself at the expense of the Defendants or the court.  *Paiva v. Bansal*, 2011 WL 1595425 * 1 (D.R.I. April 27, 2011) (citations omitted).  Mr. Thomas' request for a court-ordered examination pursuant to Rule 35 is properly denied.  Mr. Thomas is not precluded, however, from retaining his own expert medical witness to examine him and render a medical opinion.

_____

[2]      Copies of unpublished decisions cited are attached to this Recommendation.

3.      Motion for Appointment of Counsel

Mr. Thomas was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on April 26, 2011.  (*See* Doc. # 4).  Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer.  *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983).  Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel."  *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case").  However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights."  *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted).  In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims."  *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Hill*, 393 F.3d at 1115 (citation omitted).  "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned."  *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Thomas' request for appointed counsel and the appropriate factors.  As a *pro se* litigant, Mr. Thomas is afforded a liberal construction of his papers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The merits of Mr. Thomas' claims and Mr. Thomas' concerns

regarding limited resources and lack of legal skills do not at this time provide an adequate basis for the court to request counsel to volunteer to represent him.

Accordingly, IT IS ORDERED that:

1.      Mr. Thomas' "Unopposed motion to close court proceedings pursuant to District Rule 7.2" (filed August 1, 2011) (Doc. # 26) is DENIED.

2.      Mr. Thomas' "Unopposed Motion for Counsel" (filed August 1, 2011) (Doc. # 25) is DENIED.

3.      Mr. Thomas' "(Unopposed Motion) for Examination Pursuant to Rule 35" (filed August 1, 2011) (Doc. # 24) is DENIED.

DATED at Denver, Colorado, this 2nd day of August, 2011.

BY THE COURT:


       s/Craig B. Shaffer
United States Magistrate Judge