IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01044-REB-CBS

DEMETRIUS THOMAS,
    Plaintiff,
v.

NURSE PRACTITIONER BOYD,
    Defendant.

ORDER

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Plaintiff Mr. Thomas' "Motion for Permission to Amend Complaint" (filed May 29, 2012) (Doc. # 63). Pursuant to the Order of Reference dated July 5, 2012 (Doc. # 17) and the memorandum dated May 30, 2012 (Doc. # 64), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

    On February 28, 2012, the court granted in substantial part Defendants' Motion to Dismiss, leaving in the case only Claim Three against Defendant Boyd. (*See* "Order Adopting Recommendation of the United States Magistrate Judge" (Doc. # 50)). Mr. Thomas now seeks to amend his Amended Complaint "to add Defendants C.S.P., C.D.O.C., and the State of Colorado . . . due to newly discovered evidence" obtained on May 24, 2012 that "he will be placed back in general population." (*See* Doc. # 63).

    First, the court may deny a motion to amend a complaint for failure to submit the proposed amendment. *See Lambertson v. Utah Dept. of Corrections*, 79 F.3d 1024,

1

1029 (10th Cir. 1996) (district court did not abuse its discretion in denying plaintiff's motion to amend for failure to provide adequate explanation for delay in seeking amendment and for failure to provide a copy of the proposed amended pleading); *Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984) (district court should have held motion to amend in abeyance pending submission of plaintiff's proposed amendment); *Bownes v. City of Gary, Indiana*, 112 F.R.D. 424, 425 (N.D. Ind. 1986) ("common sense" dictates that a party seeking leave to amend should accompany his motion with a copy of the proposed amended complaint); *Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981) (where plaintiff sought leave to amend, a copy of the proposed amended pleading must be attached to the motion). While Mr. Thomas has described what he wishes to add to his Amended Complaint, he has not attached a copy of a complete proposed Second Amended Complaint.

The court may also deny a motion to amend a complaint where an amendment obviously would be futile. *T.V. Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citations omitted). *See also Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (internal quotation marks and citation omitted); *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) (a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted). Mr. Thomas' proposed amendment is futile for several reasons.

As to Mr. Thomas' intention to add Defendants C.S.P., C.D.O.C., and the State

of Colorado, the Colorado State Penitentiary ("CSP") is merely a facility of the Colorado Department of Corrections ("CDOC") and not a separate suable entity. CDOC is considered an agency of the State of Colorado. See Colo. Rev. Stat. § 24-1-128.5. Thus, it is duplicative to sue both the CDOC and the State of Colorado. The Eleventh Amendment also provides immunity for state governmental entities sued in federal court for monetary damages under § 1983. *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993) (citation omitted).

Further, the Prison Litigation Reform Act of 1996 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). See also *Booth v. Churner*, 532 U.S. 731, 731-32 (2001) (PLRA requires exhaustion in all matters regardless of remedy sought and availability of remedy at the agency level); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citing *Booth*, 532 U.S. at 731 (holding that even where an inmate sought money damages and the grievance process did not permit such awards, exhaustion was required as long as there was authority to take some responsive action)).

The PLRA's requirement that an inmate exhaust all available administrative remedies before initiating suit is mandatory. See *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). See also *Jones v. Bock*, 549 U.S. at 210-212 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be

brought in court."). "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, -- rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. at 218 (internal quotation marks and citation omitted). Thus, it is the prison's own grievance procedures that set forth what the prisoner must do in order to exhaust his or her administrative remedies. *Id.*, 549 U.S. at 218 (citation omitted).

The CDOC has a Grievance Procedure available to inmates which entails a formal three-step written grievance procedure. (*See* CDOC Administrative Regulation ("AR") No. 850-04). A court may take judicial notice of agency rules and regulations. *Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir. 1984). *See also Muniz v. Kaspar*, No. 07-cv-01914-MSK-MJW, 2008 WL 3539270, at * 3 (D. Colo. Aug. 12, 2008) (taking "judicial notice of AR 850-04, the administrative regulation describing the grievance process").[1] AR 850-04 requires an inmate to file a Step 1 grievance, a Step 2 grievance, and a Step 3 grievance. (*See* AR 850-04 Section IV. F. 2.). The inmate must state in writing the grievance and the relief requested. (*See* AR 850-04 Section IV. C.). A Step 1 grievance must be filed no later than thirty calendar days after the date the prisoner knew, or should have known, of the facts giving rise to the grievances. (*See* AR 850–04 IV. H. 1. a.). When an offender wishes to proceed to the next step in

---

[1] Copies of unpublished cases cited are attached to this Recommendation.

the process, the offender shall file the next step within five calendar days after receiving the response. (*See* AR 850-04 Section IV. H. 1. c.). In the event the time limit concerning any step of the process expires without a response, the offender may proceed to the next step within five calendar days of the date the response was due. (*See* AR 850–04 IV. H. 1. d.). A Step 3 grievance is the final step in the grievance process.

Mr. Thomas does not indicate that he has exhausted his administrative remedies as to any new claims against new Defendants. Based on his allegation that he learned of the "newly discovered evidence" on May 24, 2012, he could not yet have exhausted any new claims against new Defendants.

Accordingly, IT IS ORDERED that Plaintiff Mr. Thomas' "Motion for Permission to Amend Complaint" (filed May 29, 2012) (Doc. # 63) is DENIED without prejudice.

DATED at Denver, Colorado this 6th day of June, 2012.

BY THE COURT:

s/ Craig B. Shaffer
United States Magistrate Judge