IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01044-REB-CBS

DEMETRIUS THOMAS,
    Plaintiff,
v.

NURSE PRACTITIONER BOYD,
    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Shaffer

This civil action comes before the court on Defendant's Motion for Summary Judgment. Pursuant to the Order of Reference dated July 5, 2011 (Doc. # 17) and the memorandum dated November 26, 2012 (Doc. # 94), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, the exhibits and affidavit, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

Mr. Thomas initiated this civil action in his *pro se* capacity on April 20, 2011, raising claims pursuant to 42 U.S. C. § 1983 against fourteen named Defendants and three unidentified Defendants for violation of the Eighth and Fourteenth Amendments to the U.S. Constitution. (*See* Prisoner Complaint (Doc. # 1)). Mr. Thomas's claims arose from events that occurred while he was incarcerated at the Kit Carson Correctional Center ('KCCC"), the Colorado Territorial Correctional Facility ("CTCF"), and the Colorado State Penitentiary ("CSP") of the Colorado Department of Corrections ("CDOC"). On May 24, 2011, the court directed Mr. Thomas to file an amended complaint. (*See* Order (Doc. # 8)). Mr. Thomas filed his Amended Prisoner Complaint ("AC") on June 24, 2011, alleging three claims against five named

Defendants and three unidentified Defendants for violation of the Eighth and Fourteenth Amendments. (*See* Doc. # 9). In Claim One, Mr. Thomas alleged that when he arrived at CTCF in November of 2009, he "feared for his life" and was "[denied] protection" by Defendants John Doe # 1, John Doe # 2, Jane Doe, and Johnson. (*See* Doc. # 9 at 8-9 of 15). He also alleged that Defendant Schwartz "issued a hit against [him] from [KCCC]," and that on November 24, 2009, Defendant Johnson told inmates at CTCF that he was a "rat." (*See* Doc. # 9 at 8-9 of 15). In Claim Two, Mr. Thomas alleged that in May of 2009, Defendants Schwartz and Wikeum "went around the segregation unit at [KCCC], and told inmates that [he was] a 'rat,'" Defendants Wikeum and Shriner poisoned his food, and Defendants Schwartz, Wikeum, and Shriner failed to protect him from "inmate's [sic] [who] are waiting to kill him in general population." (*See* Doc. # 9 at 10-11 of 15). In Claim Three, Mr. Thomas alleged that in 2011 Defendant Boyd was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by failing to diagnose and treat him for HIV and Hepatitis C. (*See* Doc. # 9 at 12 of 15).

On November 5, 2012, the Magistrate Judge recommended that Mr. Thomas' "Motion for Permission/Leave to Amend Complaint" (Doc. # 76) be denied. (*See* "Courtroom Minutes/Recommendation" (Doc. # 90)). Mr. Thomas has not filed any objection to the Magistrate Judge's recommendation, electing instead to file another civil action. (*See* Doc. # 90 at 2 of 2; *Thomas v. State of Colorado et al.*, No. 12-cv-03078-REB-CBS).

On January 20, 2012, the Magistrate Judge recommended that Defendants' Motion to Dismiss be granted in part and denied in part and that this civil action proceed only on Claim Three against Defendant Boyd. (*See* "Recommendation of United States Magistrate Judge" (Doc. # 48)). Without objection by any party, on February 28, 2012 District Judge Blackburn approved the Magistrate Judge's Recommendation. (*See* "Order Adopting Recommendation of United States Magistrate Judge" (Doc. # 50)). After discovery closed, Defendant Boyd filed her

Motion for Summary Judgment on November 21, 2012.

II.     Liability of Defendant Boyd in her Individual Capacity

Title 42 U.S.C. § 1983 creates a cause of action where a "person . . . under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution." Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979). To establish a claim under § 1983, a plaintiff must prove he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

Mr. Thomas alleges Defendant Boyd violated the Eighth and Fourteenth Amendments by failing to diagnose and treat his serious medical needs. (*See* Doc. # 9 at 12 of 15). "The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishments on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). The Eighth Amendment has been construed to cover inadequate medical care. The Eighth Amendment is the primary source of substantive rights of prisoners and, with regard to the rights of convicted prisoners, the legal standards under the Eighth and Fourteenth Amendments generally are congruous. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (Where constitutional protection is afforded under specific constitutional provisions, here the Eighth Amendment, alleged violations of the protection should be analyzed under those provisions and not under the more generalized provisions of the Fourteenth Amendment.). Accordingly, the court reviews Mr. Thomas's claim

under the Eighth Amendment as made applicable to the states through the Fourteenth Amendment. *Riddle*, 83 F.3d at 1202.

A.    Standard of Review

To the extent that Mr. Thomas is suing Defendant Boyd in her individual capacity under § 1983, a personal capacity suit seeks to impose personal liability upon a government official for actions she takes. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). Defendant Boyd moves pursuant to Fed. R. Civ. P. 56 for summary judgment on the single claim remaining in the AC on the basis that she is entitled to qualified immunity in her individual capacity. "[Q]ualified immunity is an affirmative defense to a section 1983 action . . . ." *Adkins v. Rodriguez*, 59 F.3d 1034, 1036 (10th Cir. 1995). "The doctrine of qualified immunity shields government officials performing discretionary functions from liability for damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Toevs v. Reid*, 685 F.3d 903, 909 (10th Cir. 2012) (internal quotation marks and citations omitted). Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

"When the defense of qualified immunity is raised in a summary judgment motion, we apply special rules to determine whether the motion was properly granted or denied." *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004) (internal quotation marks and citation omitted). *See also Thomson v. Salt Lake County*, 584 F.3d 1304, 1312 (10th Cir. 2009) (court's review of summary judgment "in the qualified immunity context differs from that applicable to review of other summary judgment decisions."). "After a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff," who must meet a two-part test before the defendant will bear the traditional burden of a movant for summary judgment under Fed. R. Civ. P. 56(c). *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1185 (10th Cir. 2001) (internal quotation marks

and citation omitted).

> Specifically, [t]he plaintiff initially bears a heavy two-part burden [and] must show (1) that the defendant's actions violated a constitutional . . . right, and (2) that the right allegedly violated [was] clearly established at the time of the conduct at issue. Unless the plaintiff carries its twofold burden, the defendant prevails.

*Reynolds*, 370 F.3d at 1030 (internal quotation marks and citations omitted).  "If, and only if, the plaintiff meets this two-part test does a defendant then bear the traditional burden of the movant for summary judgment – showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law." *Clark v. Edmunds*, 513 F.3d 1219, 1222 (10th Cir. 2008) (internal quotation marks omitted).  See also *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) ("Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry) (internal quotation marks and citation omitted).  "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.*

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  "The *Haines* rule applies to all proceedings involving a pro se litigant, including . . . summary judgment proceedings." *Id.*, at n. 3 (citations omitted).  However, the court cannot be a pro se litigant's advocate. *Yang v. Archuleta*, 525 F. 3d 925, 927 n. 1 (10th Cir. 2008).  As the AC has been sworn to under penalty of perjury (*see* Doc. # 9 at 14 of 15), the court may treat it as an affidavit. *Green v. Branson*, 108 F.3d 1296, 1301 n. 1 (10th Cir. 1997).  Whether a party's affidavit in opposition to summary judgment is "sufficient to create a genuine issue of material fact must be evaluated in light of the principle that conclusory allegations without specific supporting facts have no probative value." *Nichols v. Hurley*, 921 F.2d 1101, 1113 (10th Cir. 1990) (internal quotation marks and citation

5

omitted). *See also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) ("[A] verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e).") (internal quotation marks and citation omitted). "[T]here may be cases where the sole reliance on a verified complaint would be insufficient to meet a nonmoving party's burden . . . , especially when the allegations contained in the pleading are merely conclusory." *Conaway v. Smith*, 853 F.2d 789, 792-93 (10th Cir. 1988).

Mr. Thomas has not filed any response to Defendant Boyd's Motion. On November 26, 2012, the court permitted Mr. Thomas up to December 21, 2012 to file any response he had to the Motion. (*See* Minute Order (Doc. # 95)). The court's records do not reflect that Mr. Thomas's copy of the court's Minute Order was returned in the mail as undeliverable. Mr. Thomas neither sought an extension of time to respond nor filed a response. Mr. Thomas has submitted several other filings since Defendant Boyd's Motion was filed. (*See* Docs. # 96, # 99, 101, # 102, and # 103). The Federal Rules of Civil Procedure specifically contemplate the consequences of Mr. Thomas's failure to oppose the summary judgment motion:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided by this rule -- set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e). *See also Murray v. City of Tahlequah, Oklahoma*, 312 F.3d 1196, 1200 (10th Cir. 2002) ("If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law."); *Armstrong v. Swanson*, 2009 WL 1938793 at * 7 (D. Colo. July 2, 2009) ("When a party with the burden of proof fails to respond to a motion for summary judgment, the motion is not reflexively granted; rather, the Court simply deems the

non-movant to have waived the opportunity to assert any additional facts and examines whether the facts asserted by the movant warrant a trial or permit entry of judgment as a matter of law.") (citation omitted); *Barton v. City and County of Denver*, 432 F. Supp. 2d 1178, 1188 (D. Colo. 2006) (although plaintiff's failure to make a substantive response constituted a confession of facts asserted by defendants, it remained incumbent upon the court to make the specific determinations required under Rule 56(c)).[1]

B.   Factual Record

Upon arrival at the CDOC on or about June 4, 2008 from El Paso County, Mr. Thomas had diagnostic testing for HIV and Hepatitis A, B, and C, among other things. Mr. Thomas tested negative for HIV and Hepatitis A, B, and C. (*See* LabCorp report and Chart Review, Exhibit A-2 to Defendant's Motion (Doc. # 93-2) at 2-4 of 24; Affidavit of Paula J. Frantz, M.D., Exhibit A-3 to Defendant's Motion (Doc. # 93-3) at ¶ 11; Offender Profile, Exhibit A-1 to Defendant's Motion (Doc. # 93-1) at 2 of 2).

On January 2, 2009, Mr. Thomas was evaluated in the medical clinic for his concerns about his health, at which time he complained of his muscles twitching and his blood pulsing. (*See* Doc. # 93-2 at 5 of 24). The medical record reflects a normal physical exam. No diagnosis was given and no abnormalities were noted. (*See id.*; Doc. # 93-3 at ¶ 12).

Tests of Mr. Thomas for Hepatitis A, B, and C were again negative on May 18, 2009. (*See* BioReference Laboratories report (Doc. # 93-2 at 6 of 24); Doc. # 93-3 at ¶ 13). On May 26, 2009, Mr. Thomas was evaluated for complaints of head pain and intermittent abdominal pain. (*See* Doc. # 93-2 at 7 of 24). At a follow-up appointment on June 11, 2009, Mr. Thomas was evaluated in the medical clinic for his complaints of abdominal pain, head pain, and nausea.

---

[1] Copies of unpublished decisions cited are attached to this Recommendation.

(*See* Doc. # 93-2 at 8 of 24; Doc # 93-3 at ¶ 14).  The provider documented a benign exam, but noted that Mr. Thomas's liver was slightly enlarged.  (*See id.*).  Laboratory test results showed Mr. Thomas's bilirubin was mildly elevated.  (*See id.*).  The provider ordered further lab testing to evaluate for primary biliary sclerosis.  (*See id.*).  On June 25, 2009, Mr. Thomas was advised that his laboratory tests were negative for primary biliary sclerosis.  (*See* Doc. # 93-2 at 9 of 24; Doc. # 93-3 at ¶ 15).  Mr. Thomas inquired about testing for sickle cell trait.  (*See id.*).

Mr. Thomas was transferred to Sterling Correctional Facility ("SCF") on December 3, 2009.  (*See* Doc. # 93-1 at 2 of 2).  Upon his arrival at SCF, Mr. Thomas reported that he had AIDS.  (*See* Doc. # 93-2 at 10 of 24).  The December 3, 2009 test of Mr. Thomas for HIV returned negative.  (*See* Doc. # 93-2 at 11 of 24).  Diagnostic testing performed on February 9, 2010 again returned negative for HIV and Hepatitis A, B, and C.  (*See* Doc. # 93-2 at 12-13 of 24).

Mr. Thomas was seen in the medical department on April 6, 2010 in response to his kite stating "I have AIDS and I need some kind of pain medication."  (*See* Doc. # 93-2 at 14 of 24).  Mr. Thomas reported that "he was told he had AIDS at Kit Carson. . . that his white blood cells were 'all screwed up'" and "that they put something in his food that caused his blood to clot and he wants something to clean out his blood."  (*See id.*; Doc. # 93-3 at ¶ 17).  When advised that he tested negative for HIV, Mr. Thomas "became upset" and began to complain of "multiple, unrelated, often bizarre" symptoms.  (*See* Doc. # 93-2 at 14 of 24; Doc. # 93-3 at ¶ 17).

On May 5, 2010, Mr. Thomas filed a grievance stating that he had AIDS and was not being properly treated.  (*See* Doc. # 93-2 at 15 of 24; Doc. # 93-3 at ¶ 19).  The response to his grievance indicated that his February 9, 2010 diagnostic test was negative for HIV.  (*See id.*).  On September 21, 2010, Mr. Thomas submitted a kite requesting an extra snack and a high protein diet because he was losing weight.  (*See* Doc. # 93-2 at 16 of 24; Doc. # 93-3 at ¶ 20).  After reviewing Mr. Thomas's medical chart and noting it showed negative tests for HIV and

8

Hepatitis and a weight loss from 169 pounds to 154 pounds between June of 2008 and April of 2010, Defendant Boyd scheduled an appointment for him. (*See id.*). Defendant Boyd evaluated Mr. Thomas on September 25, 2010. Mr. Thomas weighed 164 pounds and his body mass index of 21.1 was normal. (*See* Doc. # 93-2 at 17 of 24; Doc. # 93-3 at ¶21). Defendant Boyd noticed elevated bilirubin and suspected Gilbert's syndrome, a benign condition that causes elevations of bilirubin and requires no treatment. (*See* Doc. # 93-2 at 17 of 24; Doc. 3 93-3 at ¶ 22).

On February 21, 2011, Defendant Boyd evaluated Mr. Thomas for his complaints of weight loss and a bad body odor. (*See* Doc. # 93-2 at 19 of 24; Doc. # 93-3 at ¶ 24). Defendant Boyd documented a normal exam and ordered lab tests and a follow-up appointment. (*See id.*). Diagnostic testing done on Mr. Thomas on March 4, 2011 again returned negative for HIV and Hepatitis A, B, and C. (*See* Doc. # 93-2 at 20-22 of 24). Defendant Boyd evaluated Mr. Thomas in the medical clinic on March 8, 2011. (*See* Doc. # 93-2 at 23 of 24; Doc. # 93-3 at ¶ 25). Mr. Thomas weighed 158 pounds, 6 pounds less than in September 2010, had a normal body mass index of 20.3, and no abnormalities were noted. Defendant Boyd noted that Mr. Thomas was "unaccepting of the diagnosis [of] Gilbert's syndrome." (*See id.*). A review on November 15, 2011 of Mr. Thomas's diagnostic test results confirmed elevated bilirubin consistent with Gilbert's syndrome. (*See* Doc. # 93-2 at 22, 24 of 24).

C.      Analysis

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. Amend. VIII. "[T]he treatment a prisoner receives in prison . . . [is] subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). The Eighth Amendment's prohibition against cruel and unusual punishment is violated when

9

prison officials "act deliberately and indifferently to serious medical needs of prisoners in their custody." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). *See also Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment.") (internal quotation marks and citation omitted).

An Eighth Amendment claim involves "a two-pronged inquiry, comprised of an objective component and a subjective component." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). "Under the objective inquiry, the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension." *Self*, 439 F.3d at 1230 (internal quotation marks and citation omitted). "[A] medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (internal quotations marks and citation omitted). Under the subjective inquiry, the defendant must have acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "To make out an Eighth Amendment claim based on the failure to provide adequate medical care, . . . the mere negligent or inadvertent failure to provide adequate care is not enough." *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 198 n. 5 (1989). *See also Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) ("A prison doctor's negligent diagnosis or treatment of a medical condition do[es] not constitute a medical wrong under the Eighth Amendment") (internal quotation marks and citation omitted). For a prison official to be found liable of deliberate indifference under the Eighth Amendment, "the official must 'know[] of and disregard[] an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must draw the inference.'" *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 809 (10th Cir. 1999) (quoting *Farmer*, 511 U.S. at 837).

In his remaining claim against Defendant Boyd, Mr. Thomas alleges that in February and March of 2011 she was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by failing to diagnosis and treat him for HIV and Hepatitis C. (*See* Doc. # 9 at 12 of 15). Mr. Thomas alleges that Defendant Boyd told him "he has Gilbert[']s Disease, which is a lie." (*See id.*). Mr. Thomas's pleading acknowledges that his "blood was tested on March 8, 2011," but that he "was lied to again" when Defendant Boyd told him "you don't have AIDS [or] Hep C." (*See id.*). Mr. Thomas alleges "[t]here is some kind of treatment I am being refused." (*See id.*).

First, there is insufficient evidence in the record to establish that Mr. Thomas suffered a serious medical need under the objective prong of an Eighth Amendment claim. *See Mata v. Saiz*, 427 F.3d at 751 ("[A] medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.") (internal quotations marks and citation omitted). Four tests of Mr. Thomas, in 2008, 2009, 2010, and 2011, returned negative for HIV and Hepatitis A, B, and C. (*See* Doc. # 93-2 at 2-3, 6, 11-13 of 24; Doc. # 93-3 at ¶ 27). Tests have also returned negative for any serious liver or other disease. (*See id.*). Mr. Thomas's condition is consistent with Defendant Boyd's diagnosis of Gilbert's syndrome, a benign elevation of the bilirubin that does not require any medical treatment. (*See* Doc. # 93-3 at ¶ 27). Mr. Thomas has been advised of the test results and that he does not suffer from HIV, Hepatitis A, B, or C, or any other serious liver disease. (*See* Doc. # 9 at 12 of 15). As the evidence does not demonstrate that he has a serious medical condition, Mr. Thomas fails to meet the objective component of an Eighth Amendment claim.

Even if Mr. Thomas could establish that he has a serious medical condition, he does not present sufficient evidence to meet the subjective component of an Eighth Amendment claim: that Defendant Boyd knew about and disregarded a substantial risk of harm to his health. *See*

*Hunt*, 199 F.3d at 1224 (a plaintiff must establish the defendant "knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'") (quoting *Farmer*, 511 U.S. at 847). The record shows that between September 2010 and March 2011, Defendant Boyd promptly addressed and treated Mr. Thomas's medical concerns. As tests of Mr. Thomas for HIV and Hepatitis A, B, or C repeatedly returned negative, Defendant Boyd has not been deliberately indifferent by failing to diagnose or treat such these diseases. Mr. Thomas's allegations that the diagnosis of Gilbert's disease "is a lie" are conclusory and do not create a material fact in dispute. (*See* Doc. # 9 at 12 of 15 ("On 2-21-11 Mr. Thomas spoke to[ ] Nurse Practitioner Boyd. She told Mr. Thomas that he has Gilbert[']s Disease, which is a lie . . . Mr. Thomas['s] blood was tested on 3-8-11 and Mr. Thomas was lied to again by Nurse Practitioner Boyd. She stated to Mr. Thomas you don't have AIDS [or] Hep C . . . When Mr. Thomas put in a gri[e]vance, he was told by Nurse Practitioner Boyd, you have never been diagnosed like that's an excuse, to not diagnose [or] treat Mr. Thomas.")). "Only disputes over material facts can create a genuine issue for trial and preclude summary judgment." *Faustin v. City & County of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).

To the extent that Mr. Thomas is alleging that Defendant Boyd misdiagnosed him with Gilbert's syndrome, he states nothing more than his disagreement with Defendant Boyd's medical judgment. Such disagreement does not support the deliberate indifference component of an Eighth Amendment claim. See *Estelle*, 429 U.S. at 107 (noting that medical decision to forego one form of treatment may be negligence but is not a constitutional violation); *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (prisoner's "contention that he had a right to a particular course of treatment" was insufficient to show deliberate indifference); *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999) ("A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation."). Defendant Boyd's diagnosis of Gilbert's syndrome based on Mr. Thomas's mildly

elevated bilirubin was reviewed and confirmed by two physicians. (*See* Doc. # 93-2 at 18, 24 of 24). Mr. Thomas' lay opinion that Defendant Boyd misdiagnosed his symptoms is not sufficient to establish deliberate indifference under the Eighth Amendment.

To the extent that Mr. Thomas may be alleging that Defendant Boyd was negligent in treating his medical needs, the "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Self*, 439 F.3d at 1233. "[A] misdiagnosis, even if rising to the level of medical malpractice, is simply insufficient . . . to satisfy the subjective component of a deliberate indifference claim." *Self*, 439 F.3d at 1234. *See also Fitzgerald v. Corrections Corp. of Am.*, 403 F.3d 1134, 1142 (10th Cir. 2005) ("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment") (internal quotation marks and citation omitted).

In sum, the evidence does not demonstrate that Defendant Boyd was deliberately indifferent to Mr. Thomas's serious medical need. Defendant Boyd is thus entitled to qualified immunity as to the single remaining claim against her in her individual capacity.

III. Liability of Defendant Boyd in her Official Capacity

It is not clear whether Mr. Thomas is also suing Defendant Boyd in her official capacity. (*See* Doc. # 9 at 7 of 15 ("to Nurse Practitioner Boyd in her individual and official capacity"; *but see id.* at 15 of 15 (seeking "relief from Nurse Practitioner Boyd, in her individual capacity"). If Mr. Thomas is suing Defendant Boyd in her official capacity, she moves for summary judgment on the basis of Eleventh Amendment immunity.

Defendant Boyd's assertion of Eleventh Amendment immunity constitutes a challenge to the court's subject matter jurisdiction. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) ("an assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction

of the district court"); *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000) ("Once effectively asserted [Eleventh Amendment] immunity constitutes a bar to the exercise of federal subject matter jurisdiction.") (original emphasis omitted)). The determination of subject matter jurisdiction is a threshold issue of law, *Madsen v. U.S. ex rel. U.S. Army Corps. of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987), that the court addresses before turning to the merits of the case. *Ruiz*, 299 F.3d at 1180. As the party asserting jurisdiction, Mr. Thomas bears the burden of establishing that this court has jurisdiction to hear his claim. *American Fair Credit Ass'n v. United Credit Nat. Bank*, 132 F. Supp. 2d 1304,1308-09 (D. Colo. 2001) (citation omitted).

To the extent that Mr. Thomas sues Defendant Boyd in her official capacity, he is actually attempting to impose liability on her employer, the Colorado Department of Corrections ("CDOC"). *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state). The CDOC is considered an agency of the State of Colorado. *See* Colo. Rev. Stat. § 24-1-128.5. The Eleventh Amendment provides for the sovereign immunity of a state or state actors sued in federal court. *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007). "[W]hen a suit seeks money damages against an official of a state agency, suing that official in his or her official capacity, then the real party in interest is the state, and the suit is barred by the Eleventh Amendment." *Id.* (internal quotation marks and citation omitted). The Eleventh Amendment confers total immunity from suit, not merely a defense to liability. *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993) (citation omitted). If Mr. Thomas is suing Defendant Boyd in her official capacity for money damages, she is entitled to summary judgment on such claim as barred by the Eleventh Amendment.

Mr. Thomas also seeks injunctive relief. (See Doc. # 9 at 15 of 15). The Eleventh

Amendment does not always bar actions in federal court seeking injunctive relief against state officials. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n. 10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") (quoting *Graham*, 473 U.S. at 167 n. 14); *Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding that the Eleventh Amendment generally does not bar official-capacity claims seeking prospective injunctive relief from a state official). As Mr. Thomas has not established a violation of the Eighth Amendment, he is not entitled to injunctive relief.

Nor does the Eleventh Amendment bar actions for damages against state officials in their individual capacities. *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993) ("It is well-settled that the Eleventh Amendment bars § 1983 civil actions against the states but permits such suits brought against state officials sued in their individual capacities.") (citation omitted). The court has determined, above, that Defendant Boyd is entitled to qualified immunity in her individual capacity from Mr. Thomas remaining claim.

Accordingly, IT IS RECOMMENDED that Defendant's Motion for Summary Judgment (filed November 21, 2012) (Doc. # 93) be GRANTED and judgment on the Amended Complaint (Doc. # 9) be entered in favor of Defendant and against Plaintiff.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will

not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 25th day of March, 2013.

BY THE COURT:

s/ Craig B. Shaffer
United States Magistrate Judge